On this question the Court (Strong, Sewall, and Thatcher, justices) ruled unanimously that the defence stated might be competent in this case, if it should appear that the actual endorsement had been made at a period so long after the time set for the payment of the note as to place it in the [ * 3 ] situation * of a discredited note. And in this determination the Court recognized as entirely satisfactory to them the decisions of Mr. Justice Butter, cited in Brown vs. Davis, 3 Term Rep. 81, and his reasoning and opinions in the case there reported. (b)
Among other evidence, offered for the defendant, was the deposition of Eddy, the now defendant in review, which appeared in the copies of the case, and had been used in the former trial.
The plaintiff’s counsel objected that the deponent, though disinterested when he gave the deposition, had now become interested, being the very party defendant, and liable to the costs ; and further, that he is a creditor of the estate of Fuller, having taken his admistration in that character; and as he could not, if present, be examined as a witness, the Court ought to reject his deposition —cited Bull. ni. pri. 240, which cites 1 Salk. 286. 5
For the defendant was urged, the right which had accrued to this *3 testimony, as having been used in the former trial, and was then not liable to any objection. And it was compared to the case of a subscribing witness to a deed or writing, who afterwards becomes interested: although he cannot be sworn as a witness, yet the benefit of his attestation is allowed, as the right of the party, by proving his hand-writing.
Bidwell for the plaintiff.
J. C. Williams for the defendant.
The Court, after some hesitation, and principally upon the necessity arising under the Statute of Reviews, admitted the deposition. They said that otherwise the mischief of reviews, already considerable and alarming, would be further extended. The statute of 1786, c. 66, § 1, provides that the party bringing such action shall produce in Court attested copies of the writ, judgment, and all papers used and filed in the former trial, and each party shall have the liberty to offer any further * evidence—implying [ * 4 ] that each party is entitled to the evidence before used. This has been the construction in practice, excepting only where the testimony before used appears liable to any legal objection, upon which it ought to have been rejected ; or may be objected to at the trial of the review, on the ground that the testimony before offered may be obtained from the same source in a better or more authentic form. As, where a deposition having been read in the former trial, the deponent shall himself be present in Court at the trial of the review. The statute therefore gives each party a right to the testimony before used, subject only to these restrictions. In this case, the deposition was not liable to any objection at the former trial; the party cannot now exhibit the testimony of the same witness in any form more authentic; if present, he could not now be examined, because he would now speak under the bias and influence of that interest in the suit which has been urged as sufficient to render his testimony altogether incompetent. It is obvious that when the testimony, now offered, was given, no such interest, and therefore no influence therefrom, could exist. If the deponent were dead his deposition might be used; his disability to testify ought to have the same effect.
The jury found a verdict for the defendant.
In this case, the Court directed the clerk to tax no costs for travel nor for attendance at the term of the Court holden next after the death of Fuller, the administrator not having then come in to defend the suit.
Sedgwick, J.,
having formerly been of counsel in the case, de dined taking any part in the trial.

 Vide post, 10, vol. 51, Clark vs. Leach, acc.

See 1 P. W. Rep. 289.-2 Vez. 42.-3 Term Rep. 27.